**K&L GATES LLP**
10100 Santa Monica Boulevard
Seventh Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

David P. Schack (SBN 106288)
david.schack@klgates.com
Michael John Miguel (SBN 145182)
michael.miguel@klgates.com
Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com

**K&L GATES LLP**
K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222-2613
Telephone: 412.355.6500
Facsimile: 412.355.6501

John M. Sylvester (*Pro Hac Vice*)
john.sylvester@klgates.com
Syed D. Ali (*Pro Hac Vice*)
syed.ali@klgates.com

Attorneys for Plaintiffs, Astra Oil Company
LLC and AOT Limited Zug

NOV - 3 2010

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASTRA OIL COMPANY LLC, a Delaware limited liability company; and AOT LIMITED ZUG, a Swiss entity, | Case No. SACV10-1029-JVS (MLGx) |
| | [Assigned to the Hon. James V. Selna] |
| Plaintiffs, | |
| vs. | **[~~PROPOSED~~] PROTECTIVE ORDER** |
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, of Syndicate Nos. 0623, 1183, 1221, 1225, 1414, 2001, 2003, 2623, 3000, 3010, 3210 Subscribing to Policy No. 63490 for the period May 1, 2009 to May 1, 2010, | |
| Defendants. | |

LA-435336 v1

PROTECTIVE ORDER

IT IS HEREBY ORDERED that the following Protective Order be entered in this matter and that Plaintiffs and Defendants (the Plaintiffs and Defendants are each termed "Party" and collectively all are termed the "Parties") shall follow the procedures set forth below with respect to information, documents, or things produced in this litigation:

To protect the confidentiality of information contained in documents produced, and other information disclosed in this litigation, the Court orders as follows:

1.      This Order shall be applicable to and govern all depositions, documents, information or things produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions and all other discovery taken pursuant to the Rules of Civil Procedure and other information which the disclosing Party designates as "CONFIDENTIAL" or hereafter furnished, directly or indirectly, by or on behalf of any Party or any non-party witness in connection with this action.  As used herein, "disclosing Party" shall refer to the Parties to this action and to third parties who give testimony or produce documents or other information.

2.      In designating information as "CONFIDENTIAL," a disclosing Party shall make such a designation only as to materials which that Party in good faith deems confidential and/or proprietary information and/or personnel information and/or sensitive business information and which the Party would normally not reveal to third parties or would cause third parties to maintain in confidence, and personal information that is not generally available to the public, and materials which would subject a Party or other person to invasion of privacy interests or undue embarrassment.  No Party will make blanket confidentiality designations with respect to all documents produced by that Party.  Material designated "CONFIDENTIAL" shall be used by the Parties to this litigation solely for the

[PROPOSED] PROTECTIVE ORDER

purpose of conducting this litigation, but not for any other purpose whatsoever.

3.     Disclosing Parties shall designate "CONFIDENTIAL" information as follows:

(a)     In the case of discovery responses and the information contained therein, designation shall be made by placing the following legend on every page of any such document prior to production:  "CONFIDENTIAL."  In the event that a Party inadvertently fails to stamp or otherwise designate a document or other information as "CONFIDENTIAL" at the time of its production, that Party shall have thirty (30) business days after such production to so stamp or otherwise designate the document or other information, but shall inform the other Party as promptly as possible of the need to do so.

(b)     In the case of documents or other material to be initially produced for inspection, unless otherwise expressly designated, all documents produced for inspection shall be treated as CONFIDENTIAL for a period not to exceed fifteen (15) business days after the receiving Party inspecting the documents has indicated the documents it desires to be copied.  After a receiving Party inspecting the documents has indicated the documents it desires to be copied, and before such copies are provided to the requesting Party, the producing Party shall have a reasonable time, not to exceed the aforementioned fifteen (15) business days, to review the copied documents and designate them as "CONFIDENTIAL" pursuant to the terms of this Order.

(c)     In the case of depositions, designation of the portion of the transcript (including exhibits) which contains CONFIDENTIAL information shall be made by a statement to such effect on the record in the course of the deposition or upon review of such transcript by counsel for the Party to whose CONFIDENTIAL information the deponent has had access, provided that said counsel shall so designate any such information within thirty (30) days after counsel's receipt of the transcript.  Counsel shall list on a separate piece of paper

STIPULATED PROTECTIVE ORDER

1  the page and line numbers of the transcript containing CONFIDENTIAL
2  information, inserting the list at the end of the transcript, and mailing copies of the
3  list to counsel for the receiving Party so that it may be affixed to the face of the
4  transcript and each copy thereof.  Pending such designation by counsel, the entire
5  deposition transcript, including exhibits, shall be deemed CONFIDENTIAL.  If no
6  designation is made at the time of the deposition or within thirty (30) days after
7  receipt of the transcript, the transcript shall be considered not to contain any
8  CONFIDENTIAL information.

9       (d)   Transcripts of depositions will not be filed with the Court unless
10  it is necessary to do so for purposes of preliminary injunction hearings, trial,
11  motions for summary judgment, or other matters requiring such filing.   If a
12  deposition transcript is filed and if it contains CONFIDENTIAL information, such
13  a submission shall be filed only under seal, in accordance with the Court's
14  procedures governing the filing of documents under seal.

15       (e)   Any CONFIDENTIAL information produced in a non-paper
16  media (e.g., videotape, audiotape, computer disk, etc.) may be designated as such
17  by labeling the outside of such non-paper media as "CONFIDENTIAL."  In the
18  event such non-paper media is transmitted via email the producing Party may
19  designate the information produced as "CONFIDENTIAL" by so identifying
20  such media in the email.  In the event a receiving Party generates any "hard
21  copy," transcription, or printout from any such designated non-paper media, such
22  Party must stamp each page "CONFIDENTIAL" and the hard copy, transcription
23  or printout shall be treated as it is designated.

24       4.   All "CONFIDENTIAL" information shall be used solely for the
25  purposes of this action including discovery, motions, trial and hearing preparation
26  and during trial or hearings, and on appeal, as necessary, and not for any other
27  purpose.

28       5.   Disclosure of all "CONFIDENTIAL" information shall be limited to:

(a)   Internal and external attorneys working on this action on behalf of any Party, and any paralegal assistants, assistants, stenographic and clerical employees working under the direct supervision of such counsel;

(b)   Officers of the Court and supporting personnel or officers of any appellate court to which an appeal may be taken or in which review is sought, including necessary stenographic and clerical personnel (e.g. court reporters);

(c)   Other qualified reporters taking and videographers recording testimony involving such information and necessary stenographic and clerical personnel thereof;

(d)   Any person of whom testimony is taken, except that such person may only be shown copies of "CONFIDENTIAL" information during his/her testimony, only to the extent that such information relates to the testimony of such person, and may not retain such "CONFIDENTIAL" information;

(e)   Prospective witnesses or others who may have relevant information in this action as determined in the good faith discretion of counsel. Such persons may only be shown materials that are relevant to this action and which relate to or reasonably may be expected to relate to the witness's testimony; and

(f)   Any person who is expressly retained or sought to be retained by any attorney described in paragraph 5(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work.

6.   Nothing herein shall restrict the use of CONFIDENTIAL information of the disclosing Party by the disclosing Party.

7.   Prior to disclosure of any CONFIDENTIAL information to any persons in paragraphs 5(e) and 5(f), the procedure set forth in paragraph 8 shall be followed.

8.   Prior to the disclosure of CONFIDENTIAL information to persons in paragraphs 5(e) and 5(f) the undersigned attorney, or an attorney under his/her

STIPULATED PROTECTIVE ORDER

direction, shall advise each person that the information is confidential, can only be discussed with persons authorized by this Order to view the material and can only be used for purposes of this litigation.

9.     A Party shall not be obligated to challenge the propriety of a CONFIDENTIAL designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto.   In the event that any Party to this litigation disagrees at any stage of these proceedings with such designation, such Party shall provide to the producing Party written notice of its disagreement with the designation.  The Parties shall first try to dispose of such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the Party challenging the designation may request appropriate relief from the Court, but in any event, such relief from the Court shall not be requested before ten (10) days after the producing Party is served with said written notice. During the time the dispute is pending, the Parties shall continue to treat the document as it has been designated.

10.     Failure of counsel to designate or mark any document, thing, or testimony as "CONFIDENTIAL," as provided above, shall not preclude the disclosing Party from thereafter in good faith making such designation and requesting the receiving Party to so mark and treat such documents, things or testimony so designated even after the expiration of the "thirty (30) business days" designation periods described in paragraph 3(a).  The receiving Party, however, shall incur no liability for disclosures made prior to notice of such designations.

11.     If CONFIDENTIAL information is disclosed to any person other than in the manner authorized by this Protective Order, the person responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all Parties, without prejudice to other rights and remedies of any Party, and shall make every effort to prevent further disclosure by him or her or by any recipient of such information.

12.     In the event that any party wishes to submit Confidential Information to the Court, such a submission shall be filed only under seal, after first obtaining prior leave of Court for each document that is to be filed under seal, in accordance with the Court's procedures governing the filing of documents under seal.

13.     In the event that any CONFIDENTIAL information is used in any court proceeding in connection with this litigation, it shall not lose its CONFIDENTIAL status through such use, and the Parties shall take all steps reasonably required to protect its confidentiality during such use.

14.     Within thirty (30) days after final termination of this litigation, counsel for each Party shall return to the originating source, or certify in writing the destruction of, all CONFIDENTIAL information and all copies thereof; provided, however, counsel of record for each Party may petition the Court to retain one copy of each document, for good cause shown.

15.     Nothing herein shall be deemed to constitute a waiver of any objection a producing Party may have to any request for production of documents or other requested discovery.  Nothing herein shall prevent any Party from objecting to production of documents or objecting to other discovery requests on any available grounds, or from seeking a modification of this Order or alternative protective orders from the Court.

16.     The provisions of this Order, insofar as they restrict the communication and use of certain discovery materials and the information contained therein, shall continue to be binding after the conclusion of this action, including appeals, if any.  The Parties agree not to use any such information and materials in subsequent litigation.

IT IS SO ORDERED

Dated:   November 3, 2010

*MARC L. GOLDMAN*

_____
Honorable Judge Marc L. Goldman
United States Magistrate Judge

- 6 -                                                    STIPULATED PROTECTIVE ORDER