GERALD M. FISHER (BAR NO. 60357)
rsc@ffslaw.com
ROBERT S. CROWDER (BAR NO. 199556)
rsc@ffslaw.com
**FREEMAN, FREEMAN & SMILEY, LLP**
Suite 1200
3415 South Sepulveda Boulevard
Los Angeles, California  90034
Telephone:  (310) 255-6100
Facsimile:  (310) 391-4042

Attorneys for Defendant,
Counterclaimant and Crossclaimant
**CERTAIN UNDERWRITERS
AT LLOYD'S, LONDON**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASTRA OIL COMPANY LLC, a Delaware limited liability company; and AOT LIMITED ZUG, a Swiss entity,<br><br>  Plaintiffs,<br><br>  vs.<br><br>CERTAIN UNDERWRITERS AT LLOYD'S LONDON, of Syndicate Nos. 0623, 1183, 1221, 1225, 1414, 2001, 2003, 2623, 3000, 3010, 3210 Subscribing to Policy No. 63490 for the period May 1, 2009 to May 1, 2010; and CRUMP GROUP, INC., d/b/a Southern Marine & Aviation Underwriting, Inc,<br><br>  Defendants. | Case No. SACV10-01029 JAK (MLGx)<br><br>Assigned for All Purposes To:<br>John A. Kronstadt, Courtroom 750<br><br>**UNDERWRITERS' OBJECTIONS TO DECLARATION OF MICHAEL T. FITZGERALD SUBMITTED IN SUPPORT OF PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>*Hearing Particulars:*<br><br>Date:       November 3, 2011<br>Time:       1:30 p.m.<br>Location:   255 East Temple Street<br>            Courtroom 750<br>            Los Angeles, California |
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON,<br><br>  Counterclaimant,<br><br>  vs.<br><br>ASTRA OIL COMPANY LLC, a Delaware limited liability; and AOT LIMITED ZUG, a Swiss entity,<br><br>  Counter-Defendants. | |

FREEMAN, FREEMAN & SMILEY, LLP
3415 SOUTH SEPULVEDA BOULEVARD
SUITE 1200
Los Angeles, CA 90034-6060
(310) 255-6100

1 | CERTAIN UNDERWRITERS AT
2 | LLOYD'S LONDON,

Crossclaimant,

3 | vs.

4 | CRUMP GROUP, INC., d/b/a Southern
5 | Marine & Aviation Underwriting, Inc,

6 | Crossdefendant.

7

8       Defendants, Counterclaimants and Cross-claimants Certain Underwriters at

9 Lloyd's, London ("Underwriters") hereby object to the Declaration of Michael T.

10 Fitzgerald (the "Fitzgerald Declaration") presented by Plaintiffs and

11 Counterdefendants AOT Oil Company LLC and AOT Limited Zug ("Plaintiffs") in

12 connection with Underwriters' Motion for Summary Judgment set for hearing on

13 November 3, 2011 before this Court (the "Motion") on the following grounds:

14

| OBJECTION | GROUNDS | RULING |
|---|---|---|
| (1)    Declaration of Michael T. Fitzgerald (in its entirety) | (1)    Underwriters object and move to strike the Fitzgerald Declaration in its entirety on the ground that the witness has failed to establish that the proffered opinions are sufficiently reliable to be considered by the trier of fact.  The testimony cannot be considered sufficiently reliable for purposes of determining | \_\_\_\_\_   Sustained<br>\_\_\_\_\_   Overruled |

15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNDERWRITERS' OBJECTIONS TO DECL'N OF MICHAEL T. FITZGERALD

1523957.2 20969-804

| OBJECTION | GROUNDS | RULING |
|---|---|---|
| | the issues presented by Underwriters' Motion in that the witnesses' description of his own background makes no mention whatsoever of any knowledge of the Lloyd's of London insurance market where the subject policy at issue in this case was procured.  Instead, the witness describes his career with United States domestic brokerage firms (¶4), as an underwriter of insurance for various domestic underwriters in the United States (¶5), and then for the past twelve years as a consultant with a firm for which no background has been provided, but whose website indicates is a company that provides litigation support services (¶6).  *See* | |

FREEMAN, FREEMAN & SMILEY, LLP
SUITE 1200
3415 SOUTH SEPULVEDA BOULEVARD
LOS ANGELES, CA 90034-6060
(310) 255-6100

3

| OBJECTION | GROUNDS | RULING |
|---|---|---|
| | www.roberthughes.com, site visited October 18, 2011.  Federal Rules of Evidence ("FRE") 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *Kumho Tire Co. v. Carmichael*, 119 S.Ct. 1167 (1999).  Underwriters object and move to strike the declaration in its entirety on the ground that the proffered expert has failed to demonstrate whether he is proposing to testify about matters growing naturally and directly out of research that he has conducted independently of the litigation, or whether the opinions have been developed expressly for purposes of testifying. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1317 (9th Cir. | |

FREEMAN, FREEMAN & SMILEY, LLP
SUITE 1200
3415 SOUTH SEPULVEDA BOULEVARD
LOS ANGELES, CA 90034-6060
(310) 255-6100

4

UNDERWRITERS' OBJECTIONS TO DECL'N OF MICHAEL T. FITZGERALD

| OBJECTION | GROUNDS | RULING |
|-----------|---------|--------|
| | 1995).<br><br>Underwriters further object and move to strike the declaration in its entirety on the ground that there is too great of an analytical gap between the materials described as having been analyzed and the proffered opinions purportedly based on that analysis. *General Electric Co. v. Joiner*, 522 U.S. 136, 146 (1997).<br><br>Underwriters object and move the strike the declaration in its entirety on the ground that there is no indication that the proffered expert has adequately accounted for obvious alternative explanations. *Claar v. Burlington N.R.R.*, 29 F.3d 499 (9th Cir. 1994).<br><br>Underwriters object and move to strike the | |

FREEMAN, FREEMAN & SMILEY, LLP
SUITE 1200
3415 SOUTH SEPULVEDA BOULEVARD
LOS ANGELES, CA 90034-6060
(310) 255-6100

UNDERWRITERS' OBJECTIONS TO DECL'N OF MICHAEL T. FITZGERALD

1523957.2 20969-804

| OBJECTION | GROUNDS | RULING |
|-----------|---------|--------|
|  | declaration in its entirety on the ground that the declaration evidences the proffered expert's failure to employ in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field. *Kumho Tire Co. v. Carmichael*, 119 S.Ct. 1167, 1176 (1999). Underwriters further object and move to strike the declaration in its entirety on the ground that the opinion is not sufficiently grounded in technical or other specialized knowledge and methodology given the witness's failure to establish any familiarity with London insurance market practices.  FRE 702; *Moore v. Ashland Chemical, Inc.*, 151 F.3d |  |

FREEMAN, FREEMAN & SMILEY, LLP
SUITE 1200
3415 SOUTH SEPULVEDA BOULEVARD
LOS ANGELES, CA 90034-6060
(310) 255-6100

6

UNDERWRITERS' OBJECTIONS TO DECL'N OF MICHAEL T. FITZGERALD

1523957.2 20969-804

| OBJECTION | GROUNDS | RULING |
|---|---|---|
| | 269 (5th Cir. 1998 ) (en banc). | |
| (2)    Paragraph 7 at 1:20–26 ("I recognize that there is a dispute between the parties in this case regarding which document constitutes the AOT ocean marine open cargo policy for the May 1, 2009 to May 1, 2010 period.  I will refer to AOT's policy for the May 1, 2009 to May 1, 2010 period generally as the "Policy."  For purposes of this declaration, I will also at times refer specifically to the document that Underwriters contend to be the relevant policy — the Marsh placing slip document bearing contract no. JC662009(1) ("Marsh placing slip document")). | (2)    Underwriters object and move to strike the referenced paragraph in that the witness fails to authenticate the document that he refers to as the "Policy," which document has not been attached to the declaration.  FRE 901.        Underwriters further object and move to strike in that the witness has offered no testimony whatsoever about the implications of the referenced dispute regarding which document constitutes the relevant policy, nor has he offered any explanation whatsoever about the roles of the various brokers in procuring the coverage or which entity any of the involved brokers were | _____  Sustained _____  Overruled |

FREEMAN, FREEMAN & SMILEY, LLP
3415 SOUTH SEPULVEDA BOULEVARD
SUITE 1200
LOS ANGELES, CA 90034-6060
(310) 255-6100

UNDERWRITERS' OBJECTIONS TO DECL'N OF MICHAEL T. FITZGERALD

1523957.2 20969-804

FREEMAN, FREEMAN & SMILEY, LLP
SUITE 1200
3415 SOUTH SEPULVEDA BOULEVARD
LOS ANGELES, CA 90034-6060
(310) 255-6100

| OBJECTION | GROUNDS | RULING |
|---|---|---|
| | acting on behalf of in procuring the coverage. As such, the testimony is speculative and insufficiently grounded in technical or other specialized knowledge and methodology to assist the factfinder. FRE 702, *Moore, Kumho Tire* (supra). | |
| (3)  Paragraph 8 at 1:27–2:12 ("The Policy reflects a meeting of the minds between the parties for issuance of an ocean marine open cargo policy that intentionally provides very broad coverage – it is broadly worded and flexible so that it may cover as many scenarios as possible.") | (3)  Underwriters object and move to strike this paragraph on the ground that the witness has failed to establish that the document that he defines as "The Policy," *i.e.,* the AOT policy described in Paragraph 7 which is apparently the version that was issued by Defendant and Crossdefendant Crump Group, Inc. *d/b/a* Southern Marine & Aviation Underwriting, Inc. ("SMA"), can | _____ Sustained  _____ Overruled |

8

1523957.2 20969-804

FREEMAN, FREEMAN & SMILEY, LLP
SUITE 1200
3415 SOUTH SEPULVEDA BOULEVARD
LOS ANGELES, CA 90034-6060
(310) 255-6100

| OBJECTION | GROUNDS | RULING |
|-----------|---------|--------|
| | possibly constitute a "meeting of the minds between the parties" given that subscribing underwriters reviewed and subscribed instead to the terms set forth in a different document.  As such, Underwriters object on the ground that there is too great of an analytical gap between the materials described as having been analyzed and the proffered opinions purportedly based on that analysis.  *General Electric Co., supra.*  Moreover, the witness seeks to usurp the Court's role by offering a legal opinion on contract formation issues without having established that he is qualified to render any such opinion.  FRE 703. | |
| (4)    Paragraph 9 at 2:13-18 ("Because the | (4)    Underwriters object and move to strike the | _____ Sustained<br>_____ Overruled |

9

1523957.2 20969-804

| OBJECTION | GROUNDS | RULING |
|---|---|---|
| Policy issued to AOT was intended to provide very broad coverage for AOT's activities on a 'plethora of different bases,' the specific details of each trading arrangement that AOT enters into during the policy period would not be considered as facts material to the risk that must be disclosed to a reasonable and prudent insurer prior to underwriting the risk.") | cited testimony on the ground that it is irrelevant and speculative.  FRE 402, 702.  The testimony is irrelevant because Underwriters have never contended that AOT would be required to provide the specific details of *each* trading arrangement that AOT enters into during the policy period.  *See* UF Nos. 41-43.  It is speculative because the witness has failed to provide any analysis as to why the subject trading arrangement involving sales contracts that disclaim any ownership interest and assert that risk of loss transfers to the buyer at the discharge flange, along with the failure to declare any cargoes for storage | |

10

UNDERWRITERS' OBJECTIONS TO DECL'N OF MICHAEL T. FITZGERALD

FREEMAN, FREEMAN & SMILEY, LLP
SUITE 1200
3415 SOUTH SEPULVEDA BOULEVARD
LOS ANGELES, CA 90034-6060
(310) 255-6100

1523957.2 20969-804

| OBJECTION | GROUNDS | RULING |
|---|---|---|
| | insurance purposes or pay any associated premiums, "would not be considered as facts material to the risk." As such, there is too great of an analytical gap between the evidence in the case and the proffered opinion. *General Electric Co., supra.* | |
| (5)    Paragraph 10 at 2:21-22 ("The coverage provided under the Policy is both broad and flexible with regard to coverage for both cargo and storage risks.") | (5)    Underwriters object and move to strike the cited testimony on the ground that it is irrelevant and speculative. FRE 402, 702. The testimony is irrelevant because, along with all of the other testimony set forth in the declaration, it is devoid of any analysis whatsoever regarding the insured's duty to truthfully disclose all matters material to the risk, particularly in the face of a direct inquiry by the lead underwriter. It is | _____ Sustained<br>_____ Overruled |

FREEMAN, FREEMAN & SMILEY, LLP
SUITE 1200
3415 South Sepulveda Boulevard
Los Angeles, CA 90034-6060
(310) 255-6100

11

FREEMAN, FREEMAN & SMILEY, LLP
3415 SOUTH SEPULVEDA BOULEVARD
SUITE 1200
LOS ANGELES, CA 90034-6060
(310) 255-6100

| OBJECTION | GROUNDS | RULING |
|---|---|---|
| | also speculative in that there is no attempt to tie the alleged breadth and flexibility of the policy to the circumstances of non-disclosure of facts material to the risk. *See, for example*, *Pringle v. Water Quality Ins. Syndicate*, 646 F.Supp.2d 1161, 1169 (C.D. Cal. 2009) (discussing obligation to disclose all facts material to the risk, even absent any inquiry by the underwriter). | |
| (6)   Paragraph 10 at 2:22-24 ("The Policy provides coverage of the full policy limits of $200 million on an any [*sic.*] one 'unnamed' location basis.") | (6)   Underwriters object and move to strike the cited testimony on the ground that it is irrelevant and speculative.  FRE 402, 702.  The testimony is irrelevant because it fails to address in any fashion the insured's duty to truthfully disclose all matters material to the | _____   Sustained<br>_____   Overruled |

12

1523957.2 20969-804

| OBJECTION | GROUNDS | RULING |
|---|---|---|
| | risk, particularly in the face of a direct inquiry by the lead underwriter. *Pringle, supra.*  It is also speculative in that there is no attempt to tie the referenced coverage into either the factual circumstances of this case or the other terms and conditions of the policy, all of which must be taken together so as to give effect to every part, if practicable, and ignores, for example, the Policy's requirement that ***all*** shipments must be declared.  California Civil Code § 1641 (applicable under maritime choice of law analysis absent contrary federal admiralty rule). | |
| (7)   Paragraph 10 at 2:24–27 ("Moreover, the Policy is flexible because | (7)   Underwriters object and move to strike the cited testimony on the | _____  Sustained<br>_____  Overruled |

FREEMAN, FREEMAN & SMILEY, LLP<br>SUITE 1200<br>3415 SOUTH SEPULVEDA BOULEVARD<br>LOS ANGELES, CA 90034-6060<br>(310) 255-6100

UNDERWRITERS' OBJECTIONS TO DECL'N OF MICHAEL T. FITZGERALD

1523957.2 20969-804

FREEMAN, FREEMAN & SMILEY, LLP
SUITE 1200
3415 SOUTH SEPULVEDA BOULEVARD
LOS ANGELES, CA 90034-6060
(310) 255-6100

| OBJECTION | GROUNDS | RULING |
|---|---|---|
| it provides coverage to AOT for its risks as an unpaid vendor, as well as guarantee of collectability [*sic*.] coverage, increased value cover, and difference in conditions coverage.") | ground that it is irrelevant and speculative.  FRE 402, 702.  The testimony is devoid of any analysis of the cited coverages and sheds no light on how the terms and conditions of any of those coverages have any bearing on the facts of this claim.  Again, all of the terms and conditions of coverage must be taken together so as to give effect to every part, if practicable.  California Civil Code § 1641.  Among other terms and conditions, the testimony ignores the Policy's requirement that *all* shipments must be declared. | |
| (8)    Paragraph 12 at 3:3-5 ("Mr. Wheeler, as lead underwriter and on behalf of all subscribing underwriters, implies, in | (8)    Underwriters object to the gratuitous assertion that any of Wheeler's testimony constitutes "bad faith," "by implication," | _____  Sustained<br>_____  Overruled |

14

| OBJECTION | GROUNDS | RULING |
|---|---|---|
| bad faith, that the storage coverage provisions of the Marsh placing slip document are limited to those contained in the Storage Endorsement.") | on the ground that the proffered opinion is not so complicated as to require the testimony of an expert witness and, as such, the opinion is not helpful to the trier of fact, unnecessary, and improper. *Wilson v. Muckala*, 303 F.3d 1207, 1219 (10th Cir. 2002).     Underwriters also object and move to strike the cited testimony on the ground that the contentions regarding the alleged "implication" are speculative.  FRE 702. Underwriters further object on the ground there is too great of an analytical gap between the evidence and the proffered opinion, particularly in that the opinion fails to demonstrate what portion(s) of the Wheeler | |

FREEMAN, FREEMAN & SMILEY, LLP
3415 SOUTH SEPULVEDA BOULEVARD
SUITE 1200
LOS ANGELES, CA 90034-6060
(310) 255-6100

15

1523957.2 20969-804

FREEMAN, FREEMAN & SMILEY, LLP
SUITE 1200
3415 SOUTH SEPULVEDA BOULEVARD
LOS ANGELES, CA 90034-6060
(310) 255-6100

| OBJECTION | GROUNDS | RULING |
|---|---|---|
| | declaration constitute any such "implication." *General Electric Co., supra.* | |
| (9)  Paragraph 12 at 3:5-10 ("To the contrary, storage is an integral part of the overall insurance provided to AOT throughout the Policy, as evidenced in the Marsh placing slip document. There are numerous references to storage coverage in the Marsh placing slip document by name, as 'other risks,' or by implication.") | (9)  Underwriters object and move to strike the cited testimony on the ground that it is irrelevant and speculative.  FRE 402, 702.  The testimony is devoid of any analysis of the cited coverages and sheds no light on how the terms and conditions of any of those coverages has any bearing on the facts of this claim.  The testimony regarding various references to storage coverage "by name, as 'other risks,' or by implication" fails to show how any of those coverages renders the specific requirements of the Storage Endorsement somehow inapplicable | _____ Sustained<br>_____ Overruled |

16

UNDERWRITERS' OBJECTIONS TO DECL'N OF MICHAEL T. FITZGERALD

1523957.2 20969-804

FREEMAN, FREEMAN & SMILEY, LLP
SUITE 1200
3415 SOUTH SEPULVEDA BOULEVARD
LOS ANGELES, CA 90034-6060
(310) 255-6100

| OBJECTION | GROUNDS | RULING |
|---|---|---|
| | and, as such, there is too great of an analytical gap between the cited evidence and the proffered opinion. *General Electric Co., supra.* | |
| (10)   Paragraph 13 at 3:14-16 ("Contrary to Mr. Wheeler's implication that storage coverage under the Policy is limited to the Storage Endorsement, there are numerous Policy provisions with application to AOT's storage coverage.") | (10)   Underwriters object and move to strike the cited testimony on the ground that it is irrelevant and speculative.  FRE 402, 702  First, the witness sheds no light on the source for his conclusion that Mr. Wheeler "implied" that the Storage Endorsement is the only provision that bears on AOT's storage coverage and, as such, presents too great an analytical leap between that conclusion and the evidence. *General Electric Co., supra.* Additionally, the testimony is devoid of any analysis as to how they | _____ Sustained<br>_____ Overruled |

17

1523957.2 20969-804

| OBJECTION | GROUNDS | RULING |
|---|---|---|
| | render the specific requirements of the Storage Endorsement somehow inapplicable. *Id.* Underwriters further object and move to strike on the ground that the opinion fails to set forth the ***specific facts*** that must back up an expert's opinion offered in conjunction with a motion for summary judgment. *United States v. Various Slot Machines on Guam*, 658 F.2d 697, 699-701 (9th Cir. 1981); Fed.R.Civ.P. 56(c). | |
| (11)   Paragraph 14 at 3:17–4:3 ("Mr. Wheeler's discussion regarding 'limited land-side storage' of petroleum products after discharge is misleading because it implies that storage coverage under the Policy | (11)   Underwriters object and move to strike the cited testimony on the ground that it is irrelevant and speculative, particularly in the context of a direct inquiry by the lead underwriter regarding the extent of any static | _____ Sustained<br>_____ Overruled |

FREEMAN, FREEMAN & SMILEY, LLP<br>SUITE 1200<br>3415 SOUTH SEPULVEDA BOULEVARD<br>LOS ANGELES, CA 90034-6060<br>(310) 255-6100

18

UNDERWRITERS' OBJECTIONS TO DECL'N OF MICHAEL T. FITZGERALD

| OBJECTION | GROUNDS | RULING |
|---|---|---|
| is of a limited nature. This is inaccurate, as the Policy provides broad and flexible storage coverage. For example, the storage coverage under the Policy is not limited to land-side storage, as Mr. Wheeler states; in fact, storage coverage applies worldwide, ashore 'or afloat.' Moreover, storage coverage is not limited to product insured in transit; AOT's initial, and possibly only, exposure could be for product purchased in storage and never transported, and still be covered under the Policy. *See* Marsh placing slip document, Geographical Limits, at 8 of 82. Furthermore, the Marsh placing slip document shows that storage | storage risks, information specifically sought by the lead underwriter prior to placing the risk.  FRE 402, 702.  The opinion fails to even consider the implications of such a direct inquiry on an insured's duty to disclose and, as such, involves too great of an analytical gap between the cited evidence and the proffered opinion. *General Electric Co., supra.* |  |

FREEMAN, FREEMAN & SMILEY, LLP
SUITE 1200
3415 SOUTH SEPULVEDA BOULEVARD
LOS ANGELES, CA 90034-6060
(310) 255-6100

1523957.2 20969-804

FREEMAN, FREEMAN & SMILEY, LLP
SUITE 1200
3415 SOUTH SEPULVEDA BOULEVARD
LOS ANGELES, CA 90034-6060
(310) 255-6100

| OBJECTION | GROUNDS | RULING |
|---|---|---|
| coverage applies to any 'unnamed' storage location and for coverage up to the full policy limit of $200 million, providing broad, not limited coverage. This is consistent with the agreement made by Underwriters prior to May 2008 that AOT would not be required to identify storage locations in advance and coverage would be provided for 'unnamed' storage locations. *See* Ex. C, Fossler Dep., 148:8-22.") | | |
| (12) Paragraph 15:13-24 ("Therefore, Underwriters, based on the coverage issued, have avoided the possibility of being over-exposed in violation of reinsurance treaties and/or underwriting capacity. If | (12) Underwriters object and move to strike the cited testimony on the ground that it is irrelevant and speculative, particularly in the context of a direct inquiry by the lead underwriter regarding the extent of static storage | _____ Sustained  _____ Overruled |

UNDERWRITERS' OBJECTIONS TO DECL'N OF MICHAEL T. FITZGERALD

1523957.2 20969-804

| | OBJECTION | GROUNDS | RULING |
|---|---|---|---|
| | Underwriters were concerned about AOT's exposure at any one storage location, including the CPC location, they would have restricted coverage at the full policy limit of $200 million to named locations only and/or provided a reduced limit at unnamed locations. But Underwriters issued the Policy providing storage coverage for the full policy limit of $200 million on any one 'unnamed' location basis. As such, it is evident that Underwriters did not consider the identity of any particular storage location, including the CPC location, to have been a fact material to the risk that AOT must have disclosed during the | risks, and involves too great an analytical leap between the cited evidence and the conclusions drawn therefrom.  FRE 402, 702, *General Electric Co., supra.* | |

FREEMAN, FREEMAN & SMILEY, LLP
3415 SOUTH SEPULVEDA BOULEVARD
SUITE 1200
LOS ANGELES, CA 90034-6060
(310) 255-6100

21

UNDERWRITERS' OBJECTIONS TO DECL'N OF MICHAEL T. FITZGERALD

FREEMAN, FREEMAN & SMILEY, LLP
SUITE 1200
3415 SOUTH SEPULVEDA BOULEVARD
LOS ANGELES, CA 90034-6060
(310) 255-6100

| OBJECTION | GROUNDS | RULING |
|---|---|---|
| placement and underwriting of the risk. Under any loss scenario that could take place at the CPC storage location, the coverage provided by Underwriters would be limited to a maximum of $200 million.") | | |
| (13)   Paragraph 16 at 4:25 – 5:3 ("The Policy provides coverage for physical loss or damage to goods insured due to a covered peril.  AOT's claim is based on the loss of cargoes that were destroyed in a fire at the CPC storage facility.  The loss in question is not the loss of a liquidated, unsecured debt.  In fact, the Policy provides coverage to AOT for its interest as an unpaid vendor in a credit transaction.  Mr. | (13)   Underwriters object and move to strike the cited testimony on the ground that it is irrelevant and speculative.  FRE 402, 702.  The fact that coverage is provided to AOT for its interest as an unpaid vendor in a credit transaction is entirely devoid of any analysis of that particular coverage, the text of which is set forth at pages 66 and 67 of the Marsh placing slip document attached as Exhibit D to the declaration.  The cited | _____  Sustained<br>_____  Overruled |

UNDERWRITERS' OBJECTIONS TO DECL'N OF MICHAEL T. FITZGERALD

1523957.2 20969-804

| OBJECTION | GROUNDS | RULING |
|---|---|---|
| Wheeler's contention that trade credit insurance has any application to AOT's loss is inaccurate, misleading, and, in my opinion, made in bad faith.") | provision plainly states that the unpaid vendor coverage "is subject to the conditions of the present policy and continues . . . *in no event beyond delivery to the consignee*." (Emphasis added.) As such, there is too great an analytical leap between the cited evidence and the conclusion drawn from that evidence. *General Electric Co., supra.*<br><br>Underwriters also object and move to strike the gratuitous and unsupported opinion that Mr. Wheeler's testimony is "inaccurate, misleading . . . [or] in bad faith," particularly since the proffered opinion ignores the Policy provisions regarding the limits of the unpaid vendor coverage invoked by the witness | |

FREEMAN, FREEMAN & SMILEY, LLP
SUITE 1200
3415 SOUTH SEPULVEDA BOULEVARD
LOS ANGELES, CA 90034-6060
(310) 255-6100

UNDERWRITERS' OBJECTIONS TO DECL'N OF MICHAEL T. FITZGERALD

1523957.2 20969-804

FREEMAN, FREEMAN & SMILEY, LLP
SUITE 1200
3415 SOUTH SEPULVEDA BOULEVARD
LOS ANGELES, CA 90034-6060
(310) 255-6100

| OBJECTION | GROUNDS | RULING |
|---|---|---|
| | which demonstrate that the coverage does not apply. The opinion, which is thus based on a superficial analysis, involves issues that are not so complicated as to require expert testimony, is not helpful to the trier of fact, unnecessary, and improper. *Wilson, supra.* | |
| (14)　Paragraph 17 at 5:4-9 ("The Policy provides contingent storage coverage to AOT which is applicable to the loss suffered here by AOT.  The contingent storage coverage is clarified in an endorsement issued by SMA/Crump to AOT on behalf of Underwriters.  See Ocean Marine Open Cargo Policy No. 63490, Endorsement No. 32 (attached as Exhibit 'E'). | (14)　Underwriters object and move to strike the cited testimony on the ground that it is irrelevant, speculative, and seeks to usurp the province of the Court by opining on an issue of law that the witness has not demonstrated he is qualified to give.  FRE 402, 702, 703.  The exhibit referred to by the witness is dated December 21, 2009, nearly two months after the subject loss at | _____ Sustained<br>_____ Overruled |

24

UNDERWRITERS' OBJECTIONS TO DECL'N OF MICHAEL T. FITZGERALD

1523957.2 20969-804

FREEMAN, FREEMAN & SMILEY, LLP
3415 SOUTH SEPULVEDA BOULEVARD
SUITE 1200
LOS ANGELES, CA 90034-6060
(310) 255-6100

| OBJECTION | GROUNDS | RULING |
|---|---|---|
| The coverage, as clarified in Endorsement No. 32, is provided under the Policy and is also set forth under the terms of the Marsh placing slip document.") | issue in this case, and the testimony is entirely devoid of any analysis as to how an endorsement issued after the loss by SMA somehow binds Underwriters.  Moreover, the witness has offered no analysis whatsoever to support his conclusion that the "clarification" was issued on behalf of Underwriters, as alleged.  As such, there is too great an analytical leap between the cited evidence and the conclusion drawn from that evidence. *General Electric Co., supra.* | |
| (15)    Paragraph 18 at 5:10-14 ("AOT had an insurable interest in the cargoes at the time of the loss at issue because AOT was an unpaid vendor having a pecuniary interest in the | (15)    Underwriters object and move to strike the cited testimony on the ground that it is irrelevant, speculative and seeks to usurp the province of the Court by opining on an issue of law that the | _____  Sustained<br>_____  Overruled |

UNDERWRITERS' OBJECTIONS TO DECL'N OF MICHAEL T. FITZGERALD

1523957.2 20969-804

| OBJECTION | GROUNDS | RULING |
|---|---|---|
| preservation of those cargoes.  In this case, the cargoes served as collateral for CPC's payment to AOT.  Based on the plain language of the Policy, coverage is provided to AOT for its insurable interest as an unpaid vendor in a credit transaction.") | witness has not demonstrated he is qualified to give.  FRE 402, 702, 703.<br><br>        Underwriters also object and move to strike the assertion that the cargoes purportedly served as collateral on the ground that no evidence has been cited in support of that contention and, in the context of a motion for summary judgment, an expert opinion must set forth the *specific facts* on which it is based.  *United States v. Various Slot Machines on Guam*, supra, Fed.R.Civ.P. 56 (c).<br><br>        In addition, the contention by the so-called "expert" that coverage may be provided to AOT for its interest as an unpaid vendor in a credit transaction is entirely | |

FREEMAN, FREEMAN & SMILEY, LLP
SUITE 1200
3415 SOUTH SEPULVEDA BOULEVARD
LOS ANGELES, CA 90034-6060
(310) 255-6100

UNDERWRITERS' OBJECTIONS TO DECL'N OF MICHAEL T. FITZGERALD

1523957.2 20969-804

| OBJECTION | GROUNDS | RULING |
|-----------|---------|--------|
|           | devoid of any analysis of that particular coverage, the text of which is set forth at pages 66 and 67 of the Marsh placing slip document attached as Exhibit D to the declaration.  The cited provision plainly states that the unpaid vendor coverage "is subject to the conditions of the present policy and continues . . . *in no event beyond delivery to the consignee.*" (Emphasis added.)  As such, there is too great an analytical leap between the cited evidence and the conclusion drawn from that evidence.  *General Electric Co., supra.* |        |

Dated:  November ___, 2011          By:  _____

Hon. John A. Kronstadt
United States District Court Judge

FREEMAN, FREEMAN & SMILEY, LLP
SUITE 1200
3415 SOUTH SEPULVEDA BOULEVARD
LOS ANGELES, CA 90034-6060
(310) 255-6100

UNDERWRITERS' OBJECTIONS TO DECL'N OF MICHAEL T. FITZGERALD

1523957.2 20969-804

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 3415 South Sepulveda Boulevard, Suite 1200, Los Angeles, California 90034.

On October 20, 2011, I served true copies of the following document(s) described as **UNDERWRITERS' OBJECTIONS TO DECLARATION OF MICHAEL T. FITZGERALD SUBMITTED IN SUPPORT OF PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 20, 2011, at Los Angeles, California.

_____s/_____
Renee Williams

FREEMAN, FREEMAN & SMILEY, LLP
SUITE 1200
3415 SOUTH SEPULVEDA BOULEVARD
LOS ANGELES, CA 90034-6060
(310) 255-6100

UNDERWRITERS' OBJECTIONS TO DECL'N OF MICHAEL T. FITZGERALD

1523957.2 20969-804

# CERTIFICATE OF SERVICE
## Astra Oil Company, LLC v. Certain Underwriters, etc., et al.
### SACV10-01029 JAK(MLGx)
#### (Revised 09/21/11)

David P. Schack, Esq.
Michael John Miguel, Esq.
Matthew B. O'Hanlon, Esq.
Carlo L. Rodes, Esq.
K&L Gates LLP
10100 Santa Monica Boulevard, Seventh Floor
Los Angeles, California  90067
Telephone:      310-552-5000
Facsimile:      310-552-5001
Email: david.schack@klgates.com
       michael.miguel@klgates.com
       matthew.ohanlon@klgates.com
       carlo.rodes@klgates.com
**Attorneys for Plaintiffs, Astra Oil Company LLC and AOT Limited Zug**

John M. Sylvester, Esq.
Syed D. Ali, Esq.
K&L Gates LLP
210 Sixth Avenue
Pittsburgh, Pennsylvania  15222-2613
Telephone:      412-355-6500
Facsimile:      412-355-6501
Email: john.sylvester@klgates.com
       syed.ali@klgates.com

**Attorneys for Plaintiffs, Astra Oil Company LLC and AOT Limited Zug**

Bradley M. Rose, Esq.
Frank C. Brucculeri, Esq.
KAYE, ROSE & PARTNERS, LLP
1801 Century Park East, Suite 1500
Los Angeles, CA  90067
Telephone:      310-551-6555
Facsimile:      310-277-1220
Email: brose@kayerose.com
       fbrucculeri@kayerose.com

**Attorneys for Defendants, Crump Group, Inc., d/b/a Southern Marine & Aviation Underwriting**

Timothy W. Strickland, Esq.
Fowler Rodriguez Valdes-Fauli
4 Houston Center
1331 Lamar, Suite 1560
Houston, Texas  77010
Telephone:      713-654-1560
Facsimile:      713-654-7930
Email: strick@frvf-law.com
**Attorneys for Defendants, Crump Group, Inc., d/b/a Southern Marine & Aviation Underwriting**

Mat M. Gray III, Esq.
Fowler Rodriguez Valdes-Fauli
400 Poydras Street, 30th Floor
New Orleans, Louisiana  70130
Telephone:      504-523-2600
Facsimile:      504-523-2705
Email: mgray@frvf-law.com
**Attorneys for Defendants, Crump Group, Inc., d/b/a Southern Marine & Aviation Underwriting**

FREEMAN, FREEMAN & SMILEY, LLP
3415 SOUTH SEPULVEDA BOULEVARD
SUITE 1200
LOS ANGELES, CA 90034-6060
(310) 255-6100

UNDERWRITERS' OBJECTIONS TO DECL'N OF MICHAEL T. FITZGERALD

1523957.2 20969-804